[J-62-2017] [MO: Todd, J.]
IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT

| | | |
|---|---|---|
| BILLIE WASHINGTON, TINA SMITH, OPAL GIBSON, PENNSYLVANIA MENTAL HEALTH CONSUMERS' ASSOCIATION, MENTAL HEALTH ASSOCIATION IN PENNSYLVANIA, MENTAL HEALTH ASSOCIATION OF SOUTHEASTERN PENNSYLVANIA, THE PHILADELPHIA ALLIANCE, DRUG AND ALCOHOL SERVICE PROVIDERS ORGANIZATION OF PENNSYLVANIA, PENNSYLVANIA COMMUNITY PROVIDERS ASSOCIATION, SUCCESS AGAINST ALL ODDS | : : : : : : : : : : : : : : : : : | No. 50 MAP 2016<br><br>Appeal from the Order of the Commonwealth Court at No. 602 MD 2012 dated March 28, 2016 and exited March 29, 2016.<br><br>ARGUED: September 13, 2017 |
| v. | : | |
| THE DEPARTMENT OF PUBLIC WELFARE OF THE COMMONWEALTH OF PENNSYLVANIA | : : : : : | |
| APPEAL OF: BILLIE WASHINGTON, TINA SMITH, OPAL GIBSON, PENNSYLVANIA MENTAL HEALTH CONSUMERS' ASSOCIATION, MENTAL HEALTH ASSOCIATION IN PENNSYLVANIA, MENTAL HEALTH ASSOCIATION OF SOUTHEASTERN PENNSYLVANIA, THE PHILADELPHIA ALLIANCE, DRUG AND ALCOHOL SERVICE PROVIDERS ORGANIZATION OF PENNSYLVANIA, SUCCESS AGAINST ALL ODDS | : : : : : : : : : : : : : : | |

## CONCURRING OPINION

JUSTICE MUNDY                                                    DECIDED: July 18, 2018

I join the well-reasoned Majority Opinion. However, I write separately to distance myself from footnote 36. Because the Majority determines that the provisions of H.B. 1261, P.N. 1385 were entirely removed, it is unnecessary to the disposition of the case to engage in a germaneness analysis regarding the deleted subject matter and Act 80. In light of this, I would also refrain from examining the proposed unifying subject for Act 80 identified by the Commonwealth Court.

Except for this point, I agree with the Majority in all other respects.